UTICA,
August, 1823.

JACKSON
v.
STILES.

JACKSON, *ex dem.* RUNNO *et al. against* STILES, DE HART,
tenant.

In ejectment,
where the lessor neglects or
refuses to join
in the consent
rule, the court
will, on motion, order,
that the lessor
pay the costs
of the motion,
and join in the
consent rule,
within 20 days
after service of
the rule; or
that the tenant
may enter a
non pros; and,
that, on being
non prossed,
the lessor pay
the costs of the
defence.

EJECTMENT. Mr. *Theodore Spencer*, the attorney for the
tenant, stated, in his affidavit, that the notice subjoined to
the declaration in this cause, required *De Hart* to appear at
the *Capitol*, in the city of *Albany*, on the *first Monday of
January*, last past; and, by rule of this Court, to cause himself
to be made defendant, in the place of *John Stiles*. To this
was annexed an admission of Mr. *Kellogg*, the plaintiff's
attorney, of due service upon him, of consent rules, plea,
and notice of bail, which Mr. *Spencer*, in his affidavit, stated
to have been signed by him; and that, at the same time, he
served on Mr. *Kellogg* a notice of being retained by the
tenant; and that Mr. *K.* had not joined in the consent rule,
on the 23*d July* last, the time of the *jurat* to his affidavit.
On this affidavit,

*J. Platt*, moved for a rule, that the lessors of the plaintiff
join in the consent rule in this cause, in 20 days after service
of the rule on the plaintiff's attorney; or, that in default
thereof, the proceedings, on the part of the plaintiff, be for-
ever stayed; and that the lessors of the plaintiff pay to the
tenant the costs of this motion, and the costs of defending
this cause, or for such other relief as the Court should see
fit to grant, on the above affidavit.

*Kellogg*, contra. The English rule is the rule of this
Court. In *Goodright, ex dem. Ward*, v. *Badtitle*, (2 *Bl.
Rep.* 763) on a motion to set aside the rule to reply, the land-
lord had entered into the common rule, but the lessor had
neglected to do this. The Court of *C. B.* said, " the plain-
tiff could not be forced to proceed against a person whom he
never had accepted as defendant; that the rule was regu-
lar, and the nominal plaintiff ought to be non prossed; but,
*being nominal*, the defendant could have no costs; and the
motion was denied. He also cited *Runn. on Eject.* 187,
202-3. 2 *Sellon*, 110.(*a*) *Adams on Ej.* 244-5.

(*a*) In the old
editions this is
*p.* 111.

*Curia.* By the English practice, the tenant may rule the nominal plaintiff to reply to his plea, where the lessor has refused to join in the consent rule ; and so non pros him. But the tenant there gets no costs. We are happy to find that a different, and more reasonable practice has long prevailed in this Court.(*b*) The lessors must pay the costs of this application and join in the consent rule within twenty days after service of a copy of the rule ; in default whereof, the tenant may enter judgment of *non pros*. On being non prossed, the lessors must pay him the costs of his defence.

*The Court,* accordingly, directed the following rule to be entered :

*John Stiles, Cornelius De Hart,* tenant, ads. *James Jackson, ex dem. John A. Runno, Phebe Runno, Ebenezer Ramsay, and Francis Kelly.*

*Thursday, August 14th,* 1823.

*T. Spencer,* Att'y.

On reading and filing affidavits, and notice of motion ; and on argument of Mr. *Platt* for the tenant, and Mr. *Kellogg* for the plaintiff—ORDERED, That the lessors of the plaintiff pay to the tenant the costs of this application, within twenty days after service of a copy of this rule on them respectively : And that the lessors of the plaintiff enter into the consent rule, within twenty days after a service of a copy of this rule on the attorney of the plaintiff ; and that, on default to enter into such consent rule, judgment of *non pros* be entered ; and that the said lessors of the plaintiff, upon such *non pros* being entered, pay to the tenant the costs, on the part of the defendant, to be taxed.

(*b*) Two years afterwards, the *English C. B.* manifested some dissatisfaction with the rule in *Goodright, ex dem. Ward,* v. *Badtitle ;* and where the lessor had brought two ejectments, in which he had refused to join in the consent rule, and now had brought a third ; on a rule to shew cause why all the plaintiff's proceedings should not stay, till the costs of the two first were paid, the Court said, "whatever foundation there might be for practice, which exempted a lessor from costs for not joining in the consent rule, yet, when the Court sees manifest vexation and oppression, as in the present case, it will exercise its jurisdiction over this fictitious proceeding, to prevent it ;" and they made the rule absolute. (*Ginger* v. *Barnardiston,* 2 *Bl. Rep.* 904.)